COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

JOSE GONZALEZ,                                              )

                                                                              )              
No.  08-05-00170-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
384th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20040D04255)

                                                                              )

 

O
P I N I O N

 

Appellant Jose
Gonzalez attempts to appeal from a judgment adjudicating him guilty of burglary
of building.  Appellant pleaded guilty to
the offense on December 21, 2004, 
pursuant to a plea agreement with the State.  The trial court followed the plea agreement
and sentenced Appellant to 2 years=
confinement in a state jail facility. 
Finding that Appellant has not complied with Rule 25.2 of the Texas
Rules of Appellate Procedure, we dismiss the appeal.

Rule 25.2 governs
the defendant=s right
to appeal in a criminal case.  This rule
provides in part:

A defendant in a criminal case has the
right of appeal under Code of Criminal Procedure article 44.02 and these rules.  The trial court shall enter a certification
of the defendant=s right
of appeal in every case in which it enters a judgment of guilt or other
appealable order.  In a plea bargain
case--that is, a case in which  defendant=s plea is guilty or nolo contendere and
the punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant--a defendant may appeal only:








(A)       those matters that were raised by written
motion filed and ruled on before trial, or

 

(B)       after getting the trial court=s permission to appeal.

 

Tex.R.App.P.
25.2(a)(2).

 

The rule also provides the
following:

 

(d) 
Certification of Defendant=s
Rights of Appeal.  If the defendant
is the appellant, the record must include the trial court=s certification of the defendant=s right of appeal under Rule
25.2(a)(2).  The certification should be
part of the record when notice is filed, but may be added by timely amendment
or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order
of the appellate court under Rule 34.5(c)(2). 
The appeal must be dismissed if a certification that shows the defendant
has the right of appeal has not been made part of the record under these rules.

 

Tex.R.App.P.
25.2(d).

 

Appellant filed a
timely notice of appeal but the notice did not include the trial court=s certification of the defendant=s right to appeal as required by Rules
25.2(a)(2) and 25.2(d).  This Court
notified Appellant=s counsel
on April 22, 2005, that a certification had not been filed and requested that
Appellant file an amended notice of appeal within thirty days or the appeal
would be dismissed pursuant to Rule 25.2(d). 
See Tex.R.App.P.
25.2(d)(AThe
appeal must be dismissed if a certification that shows the defendant has the
right of appeal has not been made part of the record under these rules.@). 
As of this date, Appellant has not filed an amended notice of
appeal.  Accordingly, the appeal is
dismissed.

June
16, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)